UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------

TRAVIS TREMELL,

                  Plaintiff,

-against-

THE CITY OF NEW YORK, P.O. JASON DOSSANTOS, Shield No. 02002, Individually and in his Official Capacity, P.O. ALEXANDER SEDA, Shield No. 28961, Individually and in his Official Capacity, and POLICE OFFICERS "JOHN DOE" 1-5, Individually and in their Official Capacities, the names "JOHN DOE" being fictitious as the true names are not presently known,

                  Defendants.

ROSS, J.

COMPLAINT

JURY TRIAL DEMANDED

Plaintiff, TRAVIS TREMELL, by and through his attorneys, **THE LAW OFFICES OF MICHAEL S. LAMONSOFF, PLLC,** as and for his Complaint, respectfully alleges, upon information and belief:

## PRELIMINARY STATEMENT

1. Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitutions of the State of New York and the United States of America.

## JURISDICTION

2. This action is brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988, and the Fourth and Fourteenth Amendments to the United States Constitution.

3. Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343, and 1367.

## VENUE

4. Venue is properly laid in the Eastern District of New York under U.S.C. § 1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6. Plaintiff, TRAVIS TREMELL, is, and has been, at all relevant times, a resident of the City and State of New York.

7. Defendant, THE CITY OF NEW YORK, was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8. Defendant, THE CITY OF NEW YORK, maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, THE CITY OF NEW YORK.

9. At all times hereinafter mentioned, the individually named defendants, CITY OF NEW YORK and its police officers, agents and/or employees presently known as OFFICERS "JOHN DOE" 1 through 5, were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10. At all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or CITY OF NEW YORK.

11. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant, THE CITY OF NEW YORK.

12. Each and all of the acts of the defendants alleged herein were done by said defendants while acting in furtherance of their employment by defendant, THE CITY OF NEW YORK.

## FACTS

13. On or about June 17, 2013, at approximately 10:00 p.m., plaintiff TRAVIS TREMELL, was lawfully present on the front steps of 474 Madison Street in Kings County, New York.

14. At that time and place, the plaintiff walked next door to 464 Madison Street where NYPD officers were placing his cousin, non-party Alex Williams, under arrest using excessive and unnecessary force.

15. When plaintiff verbally protested his cousin's treatment, without communicating any physical threat or intimidation toward the defendant officers whatsoever, he was immediately placed in handcuffs by the defendant officers.

16. Thereafter, with his hands still handcuffed behind his back, one of the defendant officers sprayed pepper spray into the plaintiff's eyes.

17. At no time on June 17, 2013 did plaintiff commit any crime or violation of law.

18. At no time on June 17, 2013 did defendants possess probable cause to arrest plaintiff.

19. At no time on June 17, 2013 did defendants possess information that would lead a reasonable officer to believe probable cause existed to arrest plaintiff.

20. Defendants thereafter transported plaintiff to a nearby police precinct.

21. In connection with plaintiff's arrest, the defendants filled out false and/or misleading police reports and forwarded them to prosecutors at the Kings County District Attorney's Office.

22. Specifically, defendants falsely, knowingly, and maliciously alleged that, *inter alia*, plaintiff was gathered with 29 other individuals on a sidewalk and refused to leave and that he bumped the defendant P.O. ALEXANDER SEDA.

23. As a result of the defendants' conduct, the plaintiff was charged with Obstructing Governmental Administration in the Second Degree and Disorderly Conduct.

24.     As a direct result of his unlawful arrest and the unlawful acts of the defendants, plaintiff spent approximately fifty hours in custody.

25.     Despite defendants' actions, on November 6, 2013, the criminal proceedings against the plaintiff were adjourned in contemplation of dismissal.

26.     As a result of the foregoing, plaintiff TRAVIS TREMELL sustained, *inter alia*, physical injury, mental anguish, shock, fright, apprehension, embarrassment, humiliation, and deprivation of his constitutional rights.

### **FIRST CLAIM FOR RELIEF FOR DEPRIVATION OF FEDERAL RIGHTS UNDER 42 U.S.C. § 1983**

27.     Plaintiff repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if fully set forth herein and at length.

28.     All of the aforementioned acts of defendants, their agents, servants and employees, were carried out under the color of state law.

29.     All of the aforementioned acts deprived plaintiff, TRAVIS TREMELL, of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and were therefore in violation of 42 U.S.C. §1983.

30.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers with all the actual and/or apparent authority attendant thereto.

31.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and rules of THE CITY OF NEW YORK and the New York City Police Department, all under the supervision of ranking officers of said department.

32.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct which constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

## SECOND CLAIM FOR RELIEF FOR
## FALSE ARREST UNDER 42 U.S.C. § 1983

33. Plaintiff repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if fully set forth herein and at length.

34. As a result of the defendants' conduct, plaintiff was subjected to illegal, improper and false arrest, taken into custody, and caused to be falsely imprisoned, detained, and confined without any probable cause, privilege, or consent.

35. As a result of the foregoing, plaintiff's liberty was restricted, he was put in fear for his safety, and he was humiliated and subjected to handcuffing and other physical restraints, without probable cause.

## THIRD CLAIM FOR RELIEF
## FOR EXCESSIVE FORCE UNDER 42 U.S.C. § 1983

36. Plaintiff, TRAVIS TREMELL, repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if fully set forth herein and at length.

37. The force employed by the individually named defendants was unreasonable given the facts and circumstances prevailing at the time and place of the above described incident.

38. Specifically, it was unreasonable to spray plaintiff's face with pepper spray, particularly given that he was handcuffed at the time.

39. As a result of the foregoing, plaintiff, TRAVIS TREMELL, suffered a violation of his constitutional rights.

## FOURTH CLAIM FOR RELIEF
## FOR MUNICIPAL LIABILITY UNDER 42 U.S.C. § 1983

40. Plaintiff, TRAVIS TREMELL, repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if fully set forth herein and at length.

41. Defendants arrested and incarcerated plaintiff, TRAVIS TREMELL, in the absence of any evidence of criminal wrongdoing, notwithstanding their knowledge that said arrest and incarceration would jeopardize plaintiff's liberty, well-being, safety, and violate his constitutional

5

rights.

42. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials, with all the actual and/or apparent authority attendant thereto.

43. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials pursuant to the customs, policies, usages, practices, procedures, and rules of THE CITY OF NEW YORK and the New York City Police Department, all under the supervision of ranking officers of said department.

44. Those customs, policies, patterns, and practices include, but are not limited to:
   i. requiring officers to make a predetermined number of arrests and/or issue a predetermined number of summonses within a predetermined time frame;
   ii. requiring precincts to record a predetermined number of arrests and/or issue a predetermined number of summonses within a predetermined time frame;
   iii. failing to take any measures to correct unconstitutional behavior when brought to the attention of supervisors and/or policy makers;
   iv. failing to properly train police officers in the requirements of the United States Constitution.

45. The aforesaid customs, policies, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York City Police Department directly cause, *inter alia*, the following unconstitutional practices:
   i. arresting individuals regardless of probable cause in order to inflate the officer's arrest statistics;
   ii. arresting individuals regardless of probable cause in order to affect precinct-wide statistics;
   iii. falsifying evidence and testimony to support those arrests;
   iv. falsifying evidence and testimony to cover up police misconduct.

46. The foregoing customs, policies, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York City Police Department constitute a deliberate indifference to the safety, well-being and constitutional rights of plaintiff, TRAVIS TREMELL.

47. The foregoing customs, policies, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff as alleged herein.

48. The foregoing customs, policies, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York City Police Department were the moving force behind the constitutional violations suffered by plaintiff as alleged herein.

49. As a result of the foregoing customs, policies, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York City Police Department, plaintiff was incarcerated unlawfully.

50. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating the constitutional rights of plaintiff.

51. Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers, and were directly responsible for the violation of plaintiff's constitutional rights.

52. All of the foregoing acts by defendants deprived plaintiff of federally protected constitutional rights, particularly his Fourth and Fourteenth Amendment rights to be free from unreasonable search and seizure.

**WHEREFORE**, the plaintiff respectfully requests judgment against defendants as follows:

i. an order awarding compensatory damages in an amount to be determined at trial;

ii. an order awarding punitive damages in an amount to be determined at trial;

iii. reasonable attorneys' fees and costs under 42 U.S.C. §1988; and

iv. directing such other and further relief as the Court may deem just and proper, together with attorneys' fees, interest, costs and disbursements of this action.